**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ISKUR TEXTILE TICARET ve SANAYI
A.S.,

                Plaintiff,                           **REPORT & RECOMMENDATION**

           -against-                              07-CV-0465 (ERK) (RER)

FRANKLIN TEXTILE MILLS, INC.,

                Defendant.
-------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

       This action was commenced on February 1, 2007. (Docket No. 1.) Plaintiff Iskur Textile Ticaret ve Sanayi A.S. ("Iskur") contends that defendant Franklin Textile Mills, Inc. ("Franklin") owes it over $452,000 in damages, interest and attorneys' fees stemming from the non-payment of undisputed invoices for fabrics that Iskur sold and shipped to Franklin pursuant to multiple purchase orders. (*Id.*; Docket No. 18 at 1.) Jurisdiction is predicated on diversity of citizenship.

       After several months of pretrial proceedings, on August 10, 2007, the parties appeared before the undersigned for a settlement conference. (Docket No. 12.) Although the case was not settled at the conference, the parties were urged to, and did, continue their settlement discussions on their own. (*Id.*) Less than one month later, the parties reported to the Court that the case had been settled. (Docket Entry dated 9/6/07.) On October 11, 2007, the parties submitted a signed settlement agreement to be "so ordered" by the Court. (Docket No. 14.)

       The settlement agreement provided, *inter alia*, that Franklin would pay Iskur $235,000 in eleven monthly payments starting October 15, 2007, and that upon final payment Iskur would release Franklin from its claims. (*Id.*, ¶¶ 1, 3.) The cover letter submitted along with the settlement agreement requests that the Court "retain jurisdiction [over the case] until final payment is made pursuant to the terms of the

Settlement Agreement." Judge Korman "so ordered" both the cover letter and the settlement agreement on October 12, 2007. (Docket No. 15.)

On November 14, 2008, Iskur filed the instant application for an order finding Franklin in breach of the terms of the settlement agreement and entering final judgment against Frankin in the amount of $148,000 plus accrued interest and attorneys' fees. (Docket No. 17.) According to Iskur, after making several payments under the terms of the settlement agreement, many of which were late, Franklin has defaulted. Judge Korman referred the motion to me on November 20, 2008. (Docket Entry dated 11/20/08.) For the reasons which follow, I respectfully recommend that Iskur's motion be granted and that the Court enter final judgment against Franklin for $148,000 plus accrued interest and attorneys' fees.

## **DISCUSSION**

On December 22, 2008, I held a hearing on Iskur's motion. At the hearing, Franklin did not dispute that it defaulted under the terms of the settlement agreement. Rather, Franklin argued that pursuant to paragraph 2 of the settlement agreement, Iskur was prohibited from seeking entry of a final judgment in the amount remaining due, and could only seek to reinstate the action or commence a new action, in which event Franklin would retain all defenses and counterclaims previously available to it. Paragraph 2 of the settlement agreement provides:

> If Franklin does not make payment as described in Section 1, and no cure is made by Franklin within five (5) calendar days from the date notice of default is sent to Franklin by facsimile transmission . . . then Iskur *may* reinstate the Action, or commence a new action, seeking judgment for the remaining amount due pursuant to the Invoices, plus interest and attorneys' fees, in which event, all defenses and counterclaims asserted by Franklin, plus claims for interest and attorneys' fees, are reserved to Franklin. To be clear, in the event Frankin fails to make a payment as set forth in Section 1, caused by any or no reason whatsoever, and fails to cure such failure in accordance with the forgoing, then Iskur shall not be limited to seeking payment solely for the negotiated amount set forth in this Settlement Agreement and shall be permitted to pursue all of its claims and assert all of its defenses, and Franklin shall be permitted to assert all of its defenses and pursue all of its counterclaims.

(Docket No. 14 (emphasis added)). When asked why, regardless of the specific enforcement terms of the settlement agreement, the Court could not enter final judgment on its own pursuant to its inherent authority and retention of jurisdiction, Franklin had no good response. I adjourned the conference and ordered the parties to submit no later than January 23, 2008 letter briefs on "(1) any remedies available to Iskur due to Franklin's breach; (2) whether the Court can fashion some other remedy pursuant to its inherent authority; (3) any other issues that appear relevant." (Docket Entry dated December 22, 2008. Iskur submitted its brief on January 23, 2009, Franklin did not.

In its letter brief, Iskur raises two principle arguments in support of its motion to enforce the settlement. First, Iskur maintains that a court that has retained jurisdiction over a settled case has the authority to summarily enforce a written settlement regardless of the specific enforcement terms contained in the settlement agreement. Second, by using the terms *may*, *not limited to*, and *permitted* in the settlement agreement the parties did not intend to prohibit Iskur's from seeking entry of judgment for the defaulted amount. Both of Iskur's arguments are well-taken.

It has long been recognized that a district court has the authority to summarily enforce a settlement agreement reached in a case that was pending before it. *E.g., Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974). This is so especially where the court has retained jurisdiction over the case at the request of the parties. Submission of a written settlement agreement to be "so ordered" by a court, and a request for the court to retain jurisdiction over the case constitutes the parties' "consent to the exercise of the court's power to compel compliance" with that settlement agreement. *Id.* In such situations the court has not only the power, but the duty to compel compliance. *Id.* Where there is no substantial dispute as to existence or terms of agreement, the court is duty bound to enforce the agreement by entry of final judgment. CITE.

Here, there is no dispute, let alone a substantial one, as to the existence and terms of the settlement agreement, or as to Franklin's default. Franklin readily conceded as much at the December 22, 2008 hearing. Franklin's only argument in opposition is that *Iskur* cannot seek entry of final judgment pursuant to the terms of paragraph 2 of the settlement agreement. That argument, however, has nothing to do with the Court's power to enter final judgment on its own. Accordingly, the Court should enforce the settlement agreement by entering final judgment against Franklin.

Separate and apart from the Court's inherent authority to enter final judgment, Iskur should not be prohibited from seeking entry of final judgment. A settlement agreement, whether oral or memorialized in writing, is a contract interpreted according to the principles of contract law, and is binding and conclusive. *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007); *United States v. Sforza*, 326 F.3d 107, 116 (2d Cir. 2003). Here, the settlement agreement uses the term *may* in reference to Iskur's remedies in the event of Franklin's default. Under New York law, use of such permissive terms as *may* demonstrates the parties' intentions to preserve all available remedies for breach of the settlement agreement. *E.g.*, *Trs. of the Sickness and Accident Fund of Local One-L v. Philips Winson, Inc.*, No. 00 Civ. 9554 (MHD), 2005 WL 273017, at *4 (S.D.N.Y. Feb. 5, 2005) (a settlement agreement stating that plaintiffs "may enter" judgment without notice to defendant did not preclude other avenues for enforcement for breach of settlement agreement because the provision "contain[ed] no language even hinting that plaintiffs were waiving any of their otherwise available rights."); *Palazzetti Imp./Exp., Inc. v. Morson*, No. 98 Civ. 722 (FM), 2001 WL 1568317, at *9 (S.D.N.Y. Dec. 6, 2001) (contract provision that stated "in the event of default by licensee, the licensor 'may' revoke the License, but provide[d] no other remedies" was not exclusive because "under New York law, contractual remedies are deemed to be nonexclusive absent some indication of contrary intent."); *Lansing Research Corp. v. Sybron Corp.*, 530 N.Y.S.2d 698, 701 (N.Y. App. Div. 1988) (contract clause stating that, upon breach "plaintiff 'may'

elect to receive back exclusive license" did not provide exclusive remedy for breach). Because the parties used permissive and not exclusive terms in the settlement agreement, I agree with Iskur that the "plain language of the Settlement Agreement reflects [the parties'] intention to preserve [Iskur's] rights to seek enforcement of the payment terms of the Settlement Agreement in this Court by all available legal processes." (Docket No. 17, p 5.) That process includes seeking a final judgment for the defaulted amount plus interest and fees.

Accordingly, I respectfully recommend that Iskur's motion for a final order finding Franklin in breach of the terms of the settlement agreement and entering judgment against Franklin for $148,000 plus accrued interest and attorneys' fees be granted. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Chambers of the Honorable Edward R. Korman within ten days of receiving this Report and Recommendation. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

**Dated: Brooklyn, New York
  February 9, 2009**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.
United States Magistrate Judge**